**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01065-REB

AMANDA LARKINS, on behalf of M.D., a minor child,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed April 20, 2012, seeking review of the Commissioner's decision denying her minor child's claim for supplemental security income childhood disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the mother of M.D, a minor child, who is allegedly disabled as a result of post-traumatic stress disorder and a phonological (i.e., speech) disorder. After the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

application for supplemental security income childhood disability benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on May 17, 2011. At the time of the hearing, M.D. was 8 years old.

The ALJ found that M.D. was not disabled and therefore not entitled to supplemental security income childhood disability benefits. Although the medical evidence established that M.D. suffered from severe impairments, the judge concluded that the severity of those impairments neither met nor medically equaled, nor were they functionally equivalent to, any impairment listed in the social security regulations.[3] He therefore found plaintiff not disabled at step three of the three-step sequential evaluation applicable to claims of childhood disability. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A child is disabled within the meaning of the Social Security Act only if she has a medically determinable physical and/or mental impairment which results in marked and severe functional limitations that can be expected to result in death or last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process for determining whether a child is disabled:

> 1. The ALJ must first ascertain whether the child is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the child's claimed

---

[3] Plaintiff does not appeal the ALJ's further determination that M.D.'s alleged ADHD and bipolar disorder were not severe impairments.

>impairment or combination of impairments are "severe." An impairment is not considered "severe" if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations.
>
>3. The ALJ must then determine if the impairment meets or medically equals in severity certain impairments described in Appendix 1 of the regulations. If it is not, the ALJ also must consider at this step whether the impairment is functionally equivalent to a listed impairment.

20 C.F.R. § 416.924(b)-(d).

With respect to this final step of the sequential evaluation in childhood disability cases, the ALJ first considers whether the child's medically determinable impairments satisfy the listings. *See* 20 C.F.R. Pt. 404, subpt. P., app. 1. If all the listed criteria for that impairment are met, the child is presumptively disabled. *See* 20 C.F.R. § 416.925(c)(4). If not, the ALJ further must consider whether the child's impairment is medically equivalent or, alternatively, functionally equivalent, to a listed impairment. *See* 20 C.F.R. §§ 416.925(c)(5) & 416.924(d).[4] By contrast, functional equivalence, as the name suggests, requires consideration of the functional limitations caused by the child's impairment. *See* 20 C.F.R. § 416.926a(a). Functional equivalence may be found if the child's impairment results in a "marked" limitation in at least two of six specified domains of functioning, or "extreme" limitation in one domain.[5] 20 C.F.R. §

---

[4] Medical equivalence may be found if the child's impairment "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). The standards for determining medical equivalence refer back to the listing itself. *See id.* § 416.926(b).

[5] A "marked" limitation in functioning will be found when the impairment

>interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities. [The child's] day-to-day functioning may be seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit

416.926a(a) & (b)(1).[6]

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

---

several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i). A standardized test score that is three or more standard deviations below the mean would indicate an "extreme" limitation. *See id.* § 416.926a(e)(3).

[6] The domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) self-care; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

### III. LEGAL ANALYSIS

After concluding that M.D.'s impairments were not medically equivalent to any of the listings,[7] the ALJ considered the question of functional equivalence, analyzing each of the domains of functioning in turn. (Tr. 14-21.) *See* 20 C.F.R. § 416.926a(b)(1)(i) -(vi). Concluding that M.D. exhibited less than marked limitations in all six domains, the ALJ concluded that she was not disabled. In a series of interrelated arguments, plaintiff maintains that this determination must be reversed because the ALJ erroneously weighted the various treating and other medical and non-medical source opinions of record in reaching her disability determination. Perceiving no reversible error in the ALJ's decision, however, I affirm.

In concluding that M.D. had less than marked limitations in all six domains, the ALJ clearly discounted the opinion of Dr. Sara Crowder, a psychiatrist who had treated M.D. since 2009. Dr. Crowder opined that M.D. had extreme limitations in the domains of attending and completing tasks, interacting and relating to others, and caring for herself. She further suggested that M.D. had "at least marked" limitations in the domain of acquiring and using information, but qualified her opinion by stating that this area was "better evaluated at school." (Tr. 271-272.) In an accompanying report, Dr. Crowder suggested that while there had been "some improvement" in M.D.'s condition since she first began treatment, the child's prognosis was "poor." (Tr. 269-270.)

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic

---

[7] Plaintiff presents no argument premised on the ALJ's findings regarding medical equivalence.

techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).[8] In either event, a treating source opinion may not be rejected absent good cause for specific, legitimate reasons clearly articulated in the hearing decision. *Watkins*, 350 F.3d at 1301; *Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995); *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Plaintiff argues that the ALJ did not adequately describe the weight she assigned to Dr. Crowder's opinions or why she failed to adopt them, and improperly discounted the opinion for lack of a narrative explanation. I am unconvinced that any error that may have occurred in these respects was harmful. *See Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988). First, plaintiff misreads the record to suggest that the ALJ gave Dr. Crowder's opinions some weight. Instead, the ALJ specifically noted that she afforded those opinions "little weight." (Tr. 15.) In the context of the ALJ's decision as a whole,

---

[8] These factors include:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 416.927(d)(2).

6

which clearly demonstrates that the ALJ did not rely on Dr. Crowder's assessment at all, this court reads that turn of phrase as equivalent to a rejection of Dr. Crowder's opinion.[9]

Instead, the ALJ afforded "greater weight" to the opinion of the state agency psychologist, who opined that M.D. had "less than marked" limitations in four of the domains and "no limitation" in the other two. (Tr. 44-50.) Contrary to the thrust of plaintiff's argument, "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996). Although these opinions are weighed under stricter standards, accounting for the circumstances under which they are rendered, they may still outweigh treating source opinions if, for example, they are better supported by the medical evidence of record and/or the source's explanation of the reasons for her opinion. *See id.* at *2.

This is precisely what happened here. The ALJ discounted Dr. Crowder's suggestion of extreme and/marked limitations because she did not provide a narrative explanation supporting those opinions. Plaintiff points out that Dr. Crowder did fill out a

---

[9] Plaintiff also complains that the ALJ did not specify what weight she assigned to Dr. Crowder's opinion regarding each specific domain other than the first. I am not persuaded that the regulations or caselaw require such a hypertechnical interpretation of the ALJ's obligation to weigh and consider medical and other source opinions. It is clear both from the text and the context of the ALJ's opinion that she relied on the state agency psychologist's opinion, and not Dr. Crowder's assessment, in reaching her conclusions.

Nor is there any support for plaintiff's contention that the ALJ was required to specify how much less than marked she found M.D.'s limitations to be, either overall or in any particular domain. Once the ALJ concluded that M.D. had no marked limitations in any domain, she was not required to specify the degree of limitation further.

"Child Disability Report" (Tr. 269-270), but the narrative there provided merely explains in broad terms M.D.'s history and prognosis. Plaintiff fails to explain how Dr. Crowder's statements therein relate to her specific opinions quantifying the degree of limitation she felt M.D. exhibited in any of the domains. Therefore, any error in failing to address this report specifically was undoubtedly harmless. **Bernal**, 851 F.2d at 303.

Moreover, the ALJ concluded that Dr. Crowder's opinions did not jibe with the other evidence of record, including reports from M.D.'s first and second grade teachers and Dr. Crowder's own treatment notes, all of which suggested that M.D. had improved on medication, despite discrete episodes of continued difficulties. This reading of the evidence finds ample support in the record. Although there is evidence to the contrary, it is entirely the province of the ALJ, and not of this court, to resolve such conflicts in the evidence. **Reyes v. Bowen**, 845 F.2d 242, 245 (10th Cir. 1988); **Gleason v. Apfel**, 1999 WL 714172 at *4 (D. Kan. Sept. 1, 1999). I therefore find no basis for reversal in this respect.

Plaintiff suggests that it was error to rely on the state agency psychologist's opinion because his assessment was based on an incomplete record, having been authored without the benefit of M.D.'s second grade teachers' evaluations. However, the ALJ herself considered the varying opinions of all three of M.D.'s teachers who offered opinions on her functional abilities in the six domains, which the ALJ acknowledged did not always comport with one another.[10] She noted further that both the first- and second-grade teachers reported that M.D.'s behavior was more of a

---

[10] In general, it appears that M.D.'s regular second-grade classroom teacher noted more "serious" or "very serious" issues than either her first or second-grade special education teachers.

problem when she was not taking her medications, and her review of the treatment records supports the conclusion that M.D.'s condition was improved as her medication regimen evolved. Given these circumstances, any purported "staleness" in the state agency psychologist's opinion undoubtedly was harmless.

Nor can I fault the ALJ for failing to state what weight she assigned to the opinions of M.D.'s teachers. The Commissioner's regulations provide that the ALJ will "consider" evidence from "other sources" such as teachers, *see* 20 C.F.R. §§ 416.913(d)(3) & 416.924a(b)(7), but they do not require the ALJ to specifically assign any particular weight to those opinions. The Commissioner has recognized that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision" in this particular regard, and that the ALJ's opinion is sufficient if it "the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." **Social Security Ruling** 06-03p, 2006 WL 2329939 at *6 (SSA Aug. 9, 2006). ***See also Keyes-Zachary v. Astrue***, 695 F.3d 1156, 1164 (10th Cir. 2012). The ALJ's decision here adequately meets that standard.

Finally, I do not credit plaintiff's assertion that the ALJ erred in failing to more particularly assess her credibility or the credibility of M.D., both of whom testified at the hearing. While the ALJ noted that this testimony "indicates [M.D.] *might* meet the disability requirements" (Tr. 13 (emphasis added)), the regulations make clear that a claimant's "statements (or those of another person) alone are not enough to establish that there is a physical or mental impairment," 20 C.F.R. § 416.928(a). Moreover, the

ALJ's citation to specific references in the treatment notes showing plaintiff's reports of M.D.'s symptoms demonstrate that she in fact did not credit plaintiff's testimony fully. Her failure to articulate more particularly the link between these reports and any credibility assessment clearly was harmless.  **See Doyal v. Barnhart**, 331 F.3d 758, 761 (10th Cir. 2003) ("[T]he form of words should not obscure the substance of what the ALJ actually did.").

**THEREFORE, IT IS ORDERED** the conclusion of the Commissioner through the Administrative Law Judge that M.D. was not disabled is **AFFIRMED**.

Dated April 18, 2013, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge